CSD 1099 [12/01/16]
Name, Address, Telephone No. & I.D. No.

**Cheryl L. Stengel, CLS-B**
**110 West A Street, Suite 750**
**San Diego, CA 92101**
**(619) 269-2126**
**CA #179460**

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

In Re
**Ronald Dean Chandler, Jr.**
**Deborah Ann Chandler**

Debtors.

BANKRUPTCY NO. **17-07338 CL13**

# CHAPTER 13 PLAN

Presented are the original with the number of copies required by CSD 1800 Administrative Procedures of the following [Check one or more boxes as appropriate]:

- ☐ Schedules A/B - J
- ☐ Statement of Financial Affairs
- ☐ Summary of Schedules (Includes Statistical Summary of Certain Liabilities)
- ☐ Summary of Your Assets and Liabilities and Certain Statistical Information Schedules
- ☐ Chapter 7 Statement of Current Monthly Income
- ☐ Chapter 7 Statement of Exemption from Presumption of Abuse Under § 707(b)(2)
- ☐ Chapter 7 Means Test Calculation
- ☐ Chapter 11 Statement of Your Current Monthly Income
- ☐ Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period
- ☐ Chapter 13 Calculation of Your Disposable Income
- ☑ Chapter 13 Plan dated December 8, 2017
- ☐ Schedule of Real and/or Personal Property
- ☐ Schedule of Property Claimed Exempt
- ☐ Creditors Holding Secured Claims by Property
- ☐ Creditors Holding Unsecured Priority and/or Non-priority Claims:
- ☐ Schedule of Executory Contracts & Unexpired Leases
- ☐ Rights and Responsibilities of Chapter 13 Debtors and Attorney
- ☐ Bankruptcy Rule 2016 Disclosure of Compensation of Counsel

**If additional creditors are added at this time, the following are required:**
1. Electronic media required, see CSD 1007, containing only the added names and addresses (when the Balance of Schedules are filed on paper).
2. Local Form CSD 1101, Notice, *Notice to Creditors of This Debtor Added by Amendment or Balance of Schedules. See instructions on reverse side.*

Dated: December 8, 2017        Signed    /s/ Cheryl L. Stengel
                                         Attorney for Debtor

**United States Bankruptcy Court**
**Southern District of California**

Debtor(s):   Ronald Dean Chandler, Jr.
             Deborah Ann Chandler

Case Number: 17-07338 CL13

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

_____
_____

**Mandatory Chapter 13 Plan**
**Dated:   December 8, 2017**

| Part 1: | **Notices** |

**To All Parties in Interest:**

> **The court has provided guidelines for use of this form that can be found in CSD 1300A.**
>
> **This plan does not provide for avoidance of a lien which impairs an exemption. This must be sought by separate motion.**

**To Debtors:**

> **In some places this form provides you with options. You should carefully consider whether you need to elect among the options. If you do, you should carefully consider which option is appropriate.**
>
> *In the following notice to creditors, you must check each box that applies.*

**To Creditors:**

> **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**
>
> You should read this plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.
>
> If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation in accordance with Southern District of California Local Bankruptcy Rule 3015-5 within 7 days after the filing of the Notice of Meeting of Creditors Held and Concluded. Untimely objections may not be considered. Any such objections must be noticed for hearing at least 28 days after filing the objection. The Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015(f). In addition, you may need to file a timely proof of claim in order to be paid under any plan.
>
> The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items.  If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in § 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☒ Not included |
| 1.2 | Nonstandard provisions, set out in Part 9 | ☒ Included | ☐ Not included |

| **Part 2:** | **Plan Payments and Length of Plan** |

**2.1 Regular payments.**

Debtor(s) will make regular payments to the trustee as follows:

*Complete one.*

$ _____     per month for 36 months (Applicable commitment period for below median debtor(s))

$ _____     per month for 60 months (Applicable commitment period for above median debtor(s))

$ __1,075__     per month __60__ months (Despite applicable commitment period of 36 months, debtor(s) seek additional time to cure secured or priority arrearages or to make necessary payments to meet the liquidation test specified in § 5.2.2.)

**2.2 Irregular payments.**

Debtor(s) will change the payment amount at different time periods as follows:

| $ | | per | | from | | to | |
|---|---|---|---|---|---|---|---|

*Insert additional payments as needed.*

**2.3 Manner of payments.**

Regular payments must be made directly to the trustee from future earnings unless the court issues an earnings withholding order. Any other manner of payment must be specified by checking the box below.

☐ Other (specify method of payment): _____ .

**2.4 Income tax issues.**

*Check all that apply.*

☒ Debtor(s) will retain any federal or state tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each federal and state tax return filed during the plan term within 14 days of filing the return.

☐ Debtor(s) will turn over to the trustee all federal and state income tax refunds, other than earned income or child care tax credits, received during the plan term.

☐ Debtor(s) will supply the trustee with federal and state tax returns filed during the plan term and will turn over to the trustee a portion of any federal and state income tax refunds received during the plan term as specified below.

**Debtor(s) must not change their withholding exemptions during the plan term unless there is an appropriate change in circumstances and will timely pay all post-confirmation tax liabilities directly to the appropriate taxing authority as they become due.**

**2.5 Additional payments.**

*Check one. If neither box is checked, "None" applies.*

[X] **None.** *If "None" is checked, the rest of § 2.5 need not be completed or reproduced.*

[ ] Debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.

Subject to Part 3.3 and Part 9.
_____
_____

**2.6 The total amount of estimated payments to the trustee provided for in §§ 2.1 through 2.5 is**
$ 64,500 .

## Part 3: Treatment of Secured Claims

**3.1 Maintenance of payments and cure of any default.**

*Check one. If neither box is checked, "None" applies.*

[X] **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

[ ] The debtor(s) will maintain the contractual installment payments on the claims listed below, with any changes required by the applicable contract, and cure any default in payments on the secured claims listed below. The allowed claim for any arrearage amount will be paid under the plan, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim or amended proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below. A tardily filed proof of claim will be disallowed unless it is estimated below or unless the debtor(s) brings a motion to allow the claim. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor.

| Name of creditor with last 4 digits of account number | Collateral | Amount of arrearage | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|
|  |  | $ | % | $ | $ |
|  |  | $ | % | $ | $ |
|  |  | $ | % | $ | $ |

*Insert additional claims as needed.*

- ### 3.2 Request for valuation of security and claim modification.

  **To determine the proper valuation of real estate secured claims, the debtor(s) must timely file a motion in accordance with Local Bankruptcy Rule 3015-8 in addition to including the creditor in this section of the plan. No such motion is necessary for valuation determinations for personal property secured claims.**

  The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan unless the claim is entitled to priority status, in which case it will be provided in Part 4. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

  The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien until the earlier of the following events as applicable to the particular secured creditor: 1) payment of the underlying debt determined under nonbankruptcy law; 2) discharge under 11 U.S.C. § 1328, or 3) completion of payments under the plan if the debtors(s) are not entitled to a discharge. After the date applicable to termination of the lien, it will be released by the creditor unless the claim is a nondischargeable claim owed to a governmental entity. See Local Bankruptcy Rule 3015-8.

  *Check one. <u>If neither box is checked, "None" applies.</u>*

  [X] **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

  ***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.***

  [ ] The debtor(s) request that the court determine the value of the secured claims to be treated in the manner below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as stated below in the column headed *Amount of secured* claim. For secured claims of governmental units, unless otherwise ordered by the court pursuant to a claim objection, the amounts listed in proofs of claim filed in accordance with the Bankruptcy Rules control over any contrary amounts listed below. For each listed secured claim, the controlling amount of the claim will be paid in full under the plan with interest at the rate stated below.

  #### 3.2.1 Identify creditor and collateral.

| Name of creditor with last 4 digits of account number | Estimated amount of creditor's allowed secured claim | Collateral | Value of collateral | Amount of claims senior to creditor's allowed secured claim |
|---|---|---|---|---|
|  | $ |  | $ | $ |
|  | $ |  | $ | $ |
|  | $ |  | $ | $ |

  *Insert additional claims as needed.*

**3.2.2 Treatment of creditor.**

| Name of creditor with last 4 digits of account number | Amount of allowed secured claim | Interest rate as provided by law | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|
|  | $ | % | $ | $ |
|  | $ | % | $ | $ |
|  | $ | % | $ | $ |

*Insert additional claims as needed.*

**3.3 Secured claims excluded from 11 U.S.C. § 506.**

*Check one. <u>If neither box is checked, "None" applies.</u>*

☐ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

☒ The claims listed below were either:

(1) secured by real estate and matured pre-petition;

(2) secured by real estate and will mature during the term of the plan;

(3) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s); or

(4) incurred within 1 year of the petition date and secured by a purchase money security interest in any other property of value.

These claims will be paid in full under the plan with interest at the rate stated below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim or modification of a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. The final column includes only payments disbursed by the trustee rather than by the debtor.

| Name of creditor with last 4 digits of account number | Collateral | Amount of claim | Interest rate | Monthly payment | Estimated total payments |
|---|---|---|---|---|---|
| *Everhome Mortgage 8875 | 1530 Clarke Drive El Cajon, CA 92020 | $ 92,675 | 3 % | $ 700 | $ 42,000 |
|  |  | $ | % | $ | $ |
|  |  | $ | % | $ | $ |
|  |  | $ | % | $ | $ |

***NOTE:** This secured claim is disputed in amount and validity of lien. Debtors will pay the allowed secured claim amount in full.*

**3.4 Surrender of collateral to secured creditors.**

*Check one. <u>If neither box is checked, "None" applies.</u>*

[X] **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

[ ] The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The stays under 11 U.S.C. § 362(a) and § 1301 will terminate with respect to the surrendered property on the effective date of the plan without the requirement of any further order. The stays will otherwise remain in effect. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of creditor with last 4 digits of account number | Collateral |
|---|---|
| | |
| | |

**3.5 Intentional exclusion of claim from treatment under the plan.**

*Secured and partially secured creditors who received proper notice but who do not timely file a proof of claim, and who are not provided for elsewhere in the plan, will be considered excluded creditors and treated in this section.*

*Check one. <u>If neither box is checked, "None" applies.</u>*

[X] **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

[ ] The claims held by creditors listed below will not be provided for under the plan, and the plan will not affect any of the claimant's rights under applicable law.

| Name of creditor and description of claim | Description of claim |
|---|---|
| | |
| | |

*Insert additional claims as needed.*

## Part 4:  Treatment of Priority Claims

### 4.1 Treatment of priority claims.

All allowed priority claims other than those treated in §§ 4.5 and 4.6 of the plan will be paid in full without interest.

### 4.2 Interest exception.

If the plan provides interest to unsecured nonpriority creditors, that same rate of interest will be paid to all creditors for which interest is not otherwise specifically provided under this plan.

### 4.3 Trustee's fees.

The trustee will receive a fee, the percentage of which is set by the United States Trustee in accordance with applicable law. The trustee's fees are estimated to be __9__ % of plan payments; and during the plan term, they are estimated to total $ __5,000__ .

### 4.4 Adequate protection payments.

The trustee will make pre-confirmation adequate protection payments to secured creditor, identified in General Order 175-F, from plan payments received from the debtor(s), as this order may be amended from time to time.

### 4.5 Domestic support obligations.

*Check one. If neither box is checked, "None" applies.*

[X] **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

[ ] The allowed priority claims listed below are based on a domestic support obligation owed to a spouse or a dependent as scheduled or in the amount set forth in a proof of claim, which will control in the event of a conflict.

| Name of creditor | Amount of claim to be paid by trustee |
|---|---|
| | $ |
| | $ |
| | $ |

*Insert additional claims as needed.*

### 4.6 Assigned domestic support obligations.

[ ] The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim under 11 U.S.C. § 1322(a)(4), but not less than the amount that would have been paid on such claim if the estate of the debtor(s) were to be liquidated under chapter 7. See 11 U.S.C. § 1325(a)(4).

| **Name of creditor** | **Amount of claim to be paid by trustee** |
|---|---|
| _____ | $ _____ |
| _____ | $ _____ |
| _____ | $ _____ |

Even if a domestic support obligation claim is not listed here, debtor(s) must nevertheless pay it in full to receive a discharge.

*Insert additional claims as needed.*

**4.7 Attorney's fees.**

The total amount of attorney's fees to be paid under the plan is estimated to be $ 1,775_____. The balance of the fees awarded by court order to professionals for debtor(s) under 11 U.S.C. § 330 will be paid as follows:

*Check one*

[X] on a *priority* basis before other priority claims other than trustee's fees and adequate protection payments.

[ ] in installment payments of $ _____.

**4.8 Other priority claims and secured portion of federal and state tax claims.**

All priority claims identified in 11 U.S.C. § 507, including unsecured priority tax claims, are included in this section of the plan. The secured portion of a federal or state tax claim is also included in this section unless specifically provided for elsewhere in this plan.

*Check one*. *If neither box is checked, "None" applies.*

[X] **None.** *If "None" is checked, the rest of § 4.8 need not be completed or reproduced.*

[ ] The debtor(s) estimate the total amount of priority and secured tax claims to be paid under this section of the plan to be $ _____. This sum is a total of all of the payments listed below to be paid in accordance with this section. Priority claim payments are owed to the following creditors in the following amounts.

*Check all that apply.*

[ ] Internal Revenue Service in the estimated amount of $ _____.

[ ] Franchise Tax Board in the estimated amount of $ _____.

[ ] California Department of Tax and Fee Administration in the estimated amount of $ _____.

[ ] Employment Development Department in the estimated amount of $ _____.

[ ] County Property Tax Assessor (not real property taxes) in the estimated amount of $ _____.

[ ] Other in the estimated amount of $ _____.

### Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 General.**

Nonpriority unsecured claims will be paid to the extent allowed as specified in this Part.

**5.2 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified in this plan will be paid, pro rata, all funds remaining after payment of all other creditors provided under the plan. Payments to unsecured creditors will be allowed to the extent paid if an allowed amended, late filed, or late added claim reduces the amount available to unsecured creditors under this section.

**5.2.1 Projected payment to nonpriority unsecured creditors.**

Based upon the total payments to the trustee listed in § 2.6 of the plan, minus the payments under the plan on the claims scheduled by the debtor(s) that are provided for in §§ 3.1 through 3.3, Part 4, §§ 5.3 through 5.5, and Part 6 of the plan, the estimated payment to allowed nonpriority unsecured claims not separately classified under the plan is $ <u>9,769</u>. This amount will be shared on a pro-rata basis on these claims. This amount will not be reduced by claims arising under 11 U.S.C. § 1305 and §§ 507(a)(1)(A) and (B) that are not fully addressed in the plan, but may otherwise increase or decrease.

**5.2.2 Required payment to nonpriority unsecured creditors under the liquidation test.**

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $<u>225,000</u>. The total of the payments on allowed nonpriority unsecured claims will be made in at least this amount, and debtor(s) will be required to make payments in addition to those specified in Part 2 to prevent the plan from going into default.

**5.3 Interest on allowed nonpriority unsecured claims not separately classified.**

*Check one. <u>If neither box is checked, "None" applies.</u>*

[X] **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

[ ] Once nonpriority unsecured claims are paid 100% without interest, accrued simple interest at an annual percentage rate of _____% calculated as of the petition date will be paid to the extent of available funds.

**5.4 Non-filing co-debtor claim treatment for maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one. <u>If neither box is checked, "None" applies.</u>*

[X] **None.** *If "None" is checked, the rest of § 5.4 need not be completed or reproduced.*

[ ] The debtor(s) will maintain the contractual installment payments and cure any default in payments on the unsecured claims listed below on which the last payment is due after the final plan payment. The allowed claim for the arrearage amount will be paid under the plan. Filed proof of claim amounts will control over scheduled amounts of claims.

| Name of creditor<br>with last 4 digits of account number | Estimated<br>arrearage | Interest rate<br>on arrearage |
|---|---|---|
| _____ | $ _____ | _____ % |
| _____ | $ _____ | _____ % |
| _____ | $ _____ | _____ % |

*Insert additional claims as needed.*

**5.5 Other separately classified nonpriority unsecured claims.**

*Check one. <u>If neither box is checked, "None" applies.</u>*

[X] **None.** *If "None" is checked, the rest of § 5.5 need not be completed or reproduced.*

[ ] The **nonpriority** unsecured allowed claims listed below are separately classified and will be treated as follows:

| Name of creditor | Basis for separate<br>classification and treatment | Amount of claim to be<br>paid over life of plan | Interest rate<br>(if applicable) |
|---|---|---|---|
| _____ | _____ | $ _____ | _____ % |
| _____ | _____ | $ _____ | _____ % |
| _____ | _____ | $ _____ | _____ % |

*Insert additional claims as needed.*

| Part 6: | **Executory Contracts and Unexpired Leases** |

The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.

   *Check one. <u>If neither box is checked, "None" applies.</u>*

[X] **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

[ ] **Assumed items.** The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Property description | Treatment (Refer to other plan section if applicable) | Current installment payment (Disbursed by Debtor(s)) | Amount of arrearage to be paid by trustee |
|---|---|---|---|---|
|  |  |  | $ | $ |
|  |  |  | $ | $ |
|  |  |  | $ | $ |

   *Insert additional contracts or leases as needed.*

| Part 7: | **Order of Distribution of Trustee Payments** |

Trustee will have discretion to determine the order of distribution within the requirements of applicable law and whether to reserve payment to claims that are subject to a pending objection.

| Part 8: | **Vesting of Property of the Estate** |

Property of the estate will not revest in the debtor(s) until a Chapter 13 discharge is granted or the case is dismissed or closed without a Chapter 13 discharge. Before then, the debtor(s) must seek approval of the court to purchase, sell, or refinance property of a material value, or to enter into loan modifications. Revestment will be subject to all liens and encumbrances in existence when the case was filed, except those liens avoided by court order or extinguished by operation of law. In the event the case is converted to a case under chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate will vest in accordance with applicable law.

| Part 9: | Nonstandard Plan Provisions |

Check "None" or List Nonstandard Plan Provisions

☐ **None.** *If "None" is checked, the rest of Part 9 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

***The following plan provisions will be effective only if there is a check in the box "Included" in § 1.2.***

The claim of the creditor listed in Part 3.3 is disputed in amount and validity of lien. The Debtors will pay the allowed secured amount of this claim.

| Part 10: | Signatures |

**Signatures of Debtor(s) and Debtor(s)' Attorney**

*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below; otherwise the Debtor(s)' signatures are optional. The attorney for the Debtor(s), if any, must sign below.*

✗ /s/ Ronald Dean Chandler, Jr.  
Signature of Debtor 1

Executed on 12/8/2017  
MM / DD / YYYY

✗ Deborah Ann Chandler  
Signature of Debtor 2

Executed on 12/8/2017  
MM / DD / YYYY

✗ /s/ Cheryl L. Stengel  
Signature of Attorney for Debtor(s)

Date 12/8/2017  
MM / DD / YYYY

By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in CSD 1300, other than any nonstandard provisions included in Part 9.

**PROOF OF SERVICE**

I, whose address appears below, certify:

That I am, and at all relevant times was, more than 18 years of age;

I served a true copy of this **Chapter 13 Plan** on the following persons listed below via the following method(s):

1. **To Be Served by the Court via Notice of Electronic Filing ("NEF"):**

Under controlling Local Bankruptcy Rules(s) ("LBR"), the document(s) listed above will be served by the court via NEF and hyperlink to the document. On  December 8, 2017 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the e-mail address(es) indicated and/or as checked below:

☐ Chapter 7 Trustee:

| ☐ For Chpt. 7, 11, & 12 cases: | ☐ For ODD numbered Chapter 13 cases: | ☑ For EVEN numbered Chapter 13 cases: |
|---|---|---|
| UNITED STATES TRUSTEE<br>ustp.region15@usdoj.gov | THOMAS H. BILLINGSLEA, JR., TRUSTEE<br>Billingslea@thb.coxatwork.com | DAVID L. SKELTON, TRUSTEE<br>admin@ch13.sdcoxmail.com<br>dskelton13@ecf.epiqsystems.com |

2. **Served by United States Mail or Overnight Mail:**

On  December 8, 2017 , I served the following person(s) and/or entity(ies) at the last known address(es) In this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail via 1) first class, postage prepaid, 2) certified mail with receipt number or 3) overnight mail service, addressed as follows:

*ON ALL CREDITORS AND PARTIES IN INTEREST NAMED ON THE ATTACHED SERVICE LIST

3. **Served by Personal Delivery, Facsimile Transmission or Electronic Mail:**

Under Fed.R.Civ.P.5 and controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or electronic mail as follows:

I declare under penalty of perjury under the laws of the United States of America that the statements made in this proof of service are true and correct.

Executed on  December 8, 2017           /s/ Cheryl L. Stengel
             (Date)                      **Cheryl L. Stengel, CLS-B**
                                         **Law Office of Cheryl L. Stengel**
                                         **110 West A Street, Suite 750**
                                         **San Diego, CA 92101**
                                         Address

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0974-3<br>Case 17-07338-CL13<br>Southern District of California<br>San Diego<br>Wed Dec  6 15:15:08 PST 2017 | U.S. Bankruptcy Court<br>Jacob Weinberger U.S. Courthouse<br>325 West F Street<br>San Diego, CA 92101-6991 | (p)CALIFORNIA ACCOUNTS SERVICE<br>329 VAN HOUTEN AVE<br>EL CAJON CA 92020-5128 |
| Clear Spring Loan Services<br>P.O. Box 52238<br>Idaho Falls, ID 83405-2238 | Clear Spring Loan Services Inc<br>P.O. Box 4869<br>Dept. 447<br>Houston, TX 77210-4869 | DiTech Financial LLC<br>15301 Spectrum Drive<br>Addison, TX 75001-4665 |
| Ditech Financial LLC<br>P.O. Box 6154<br>Rapid City, SD 57709-6154 | Ditech Financial LLC<br>P.O. Box 6172<br>Rapid City, SD 57709-6172 | Everhome Mortgage<br>Attn: Client Service Team<br>P.O. Box 2167<br>Jacksonville, FL 32232-0004 |
| Everhome Mortgage Company<br>8100 Nations Way<br>Jacksonville, FL 32256-4405 | FST Collect<br>P.O. Box 102<br>Lewes, DE 19958-0102 | First Collect Inc.<br>17527 Nassau Commons Blvd.<br>Lewes, DE 19958-6283 |
| Franchise Tax Board<br>Bankruptcy Section MS A340<br>P.O. Box 2952<br>Sacramento, CA 95812-2952 | Greentree Mortgage LLC<br>P.O. Box 6172<br>Rapid City, SD 57709-6172 | Internal Revenue Service<br>Centralized Insolvency Op.<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 |
| Kevin D. Rapeport, MD<br>8851 Center Drive, #401<br>La Mesa, CA 91942-3052 | Progressive Management Systems<br>1521 W. Cameron Ave., 1st Fl.<br>West Covina, CA 91790-2738 | Sean E. Stephens, DDS<br>3588 Fourth Avenue, #300<br>San Diego, CA 92103-4947 |
| Sharp Healthcare<br>8695 Spectrum Center Blvd.<br>San Diego, CA 92123-1489 | Strategic Recovery Grp LLC<br>7880 Bent Branch Drive, #150<br>Irving, TX 75063-6045 | United States Trustee<br>Office of the U.S. Trustee<br>880 Front Street<br>Suite 3230<br>San Diego, CA 92101-8897 |
| Vantium Capital, Inc.<br>P.O. Box 202646<br>Dallas, TX 75320-2646 | Waste Management<br>5701 S. Eastern Ave., #300<br>Los Angeles, CA 90040-2923 | Waste Management<br>P.O. Box 541008<br>Los Angeles, CA 90054-1008 |
| Cheryl L. Stengel<br>Law Office of Cheryl L. Stengel<br>110 West A Street<br>Suite 750<br>San Diego, CA 92101-3700 | David L. Skelton<br>525 B St., Suite 1430<br>San Diego, CA 92101-4432 | Deborah Ann Chandler<br>1530 Clark Drive<br>El Cajon, CA 92021-3509 |
| Ronald Dean Chandler. Jr.<br>1530 Clark Drive<br>El Cajon, CA 92021-3509 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
        by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


CA Accounts Services                    End of Label Matrix
329 Van Houten Ave.                     Mailable recipients    27
El Cajon, CA 92020                      Bypassed recipients     0
                                        Total                  27